IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JAMES HAYCRAFT § <br> AND LAURA HAYCRAFT § <br>     Plaintiffs § <br> § <br> v. § <br> § <br> LIBERTY MUTUAL INSURANCE D/B/A § <br> LIBERTY MUTUAL § <br>     Defendant § | Civil Action No. 5:17-cv-00452 |

### DEFENDANT'S NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant Liberty Insurance Corporation ("Liberty") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

*Procedural Background*

1. On April 11, 2017, Plaintiffs James Haycraft and Laura Haycraft ("Plaintiffs") filed their Original Petition styled Cause No. 2017CI06713, James Haycraft and Laura Haycraft v. Liberty Mutual Insurance D/B/A liberty Mutual, in the 131st Judicial District of Bexar County, Texas. On May 10, 2017, Plaintiffs filed their First Amended Petition asserting their claims against the correct insurance company defendant, Liberty Insurance Corporation.

*Nature of the Suit*

2. This lawsuit involves a dispute over Liberty's alleged handling of Plaintiffs' insurance claims for damages to Plaintiffs' property, located at 10515 Rocky M. Trail, Helotes, Texas 78023. Plaintiffs allege breach of the insurance contract, violations of the Texas Insurance Code, and breach of duty of good faith and fair dealing. Plaintiffs currently seek actual damages,

1

consequential damages, statutory damages, treble damages, pre- and post-judgment interest, and other litigation expenses and costs of court.

*Basis for Removal*

3. Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties to the suit, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. There is complete diversity of citizenship between the parties. Liberty is a company organized under the laws of the State of Illinois and its principal place of business is 175 Berkeley Street, Boston, Massachusetts. Accordingly, at the time of filing of this suit, and through the filing of this Notice, Liberty was and is considered out-of-state citizen for diversity jurisdiction purposes.

5. Upon information and belief, Plaintiffs were citizens of Texas when their First Amended Petition was filed, and continue to be citizens of Texas.[1]

6. Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Regarding the amount in controversy, Plaintiffs' First Amended Petition states: "More specifically, Plaintiffs' seek monetary relief of less than $100,000.00." [2]

7. In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, ... penalties, statutory damages, and punitive damages,"[3] when the

---

[1] *See* Plaintiffs' First Amended Petition, p. 1.
[2] *See* Plaintiffs' First Amended Petition, p. 7.
[3] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Carrasquillo v. State Farm Lloyds,* 17 F.Supp.3d 584, 585 (W.D. Tex. 2013) (the amount sought by an insured in a state court first-party insurance suit exceeded $75,000, and thus insurer could remove action on basis of diversity of citizenship, even though the original complaint stated that the insured was seeking $74,855, where the insured also requested attorney fees, court costs, and additional damages allowed under state law); *Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their

insurer could be liable for those sums under state law.  Here, Plaintiffs claim that their property suffered incredible damage due to storm related conditions.[4]  Plaintiffs further allege that Liberty breached the insurance contract when it failed to pay for the damages to Plaintiffs' property allegedly caused by the storm-related event.[5]  Plaintiffs seek damages for breach of contract under their insurance contract, Policy Number H37-298-566818-40.  Policy Number H37-298-566818-40 is a LibertyGuard Deluxe Homeowner's Policy with coverage limits of $266,600 for the dwelling, $159,960 for personal property, and $42,520 for loss of use of the residence.

8.  Further, Plaintiffs seek actual and consequential damages and statutory penalties for their claims of violations of the duty of good faith and fair dealing and the Texas Insurance Code.[6]  Plaintiffs also seek attorney fees.[7]  Thus, given Plaintiffs' statement of the monetary relief they are seeking in this suit in their petition, the Policy involved in Plaintiffs' claim, the nature of Plaintiffs' claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

### *The Removal is Procedurally Correct*

9.  Liberty was first served with the First Amended Petition in District Court on May 10, 2017.  Therefore, Liberty filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

---

insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

[4] Plaintiffs' First Amended Petition, p. 2.
[5] Plaintiffs' First Amended Petition, p. 4.
[6] *See* Plaintiffs' First Amended Petition, p. 7.
[7] Plaintiffs' First Amended Petition, p. 5.

10. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

11. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filing in the state court action are attached to this Notice as Exhibit "A."

12. Pursuant to 28 U.S.C. §1446(d), promptly after Liberty files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiffs, the adverse party.

13. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for the 131st Judicial District Court of Bexar County, Texas, promptly after Liberty files this Notice.

WHEREFORE, Liberty Insurance Corporation requests that this action be removed from the 131st Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

/s/ David R. Stephens
_____
David R. Stephens
Attorney in Charge
State Bar No. 19146100
LINDOW ▪ STEPHENS ▪ TREAT LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lstlaw.com

Of Counsel:

Christiana Dijkman
State Bar No. 00783967
LINDOW STEPHENS TREAT LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
cdijkman@lstlaw.com

*Counsel for Defendant Liberty Insurance Corporation*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Defendant's Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this 19th day of May, 2017, addressed to those who do not receive notice from the Clerk of the Court.

Kelly Kelly
Paul Anderson
ANDERSON & ASSOCIATES
2600 SW Military Drive, Suite 118
San Antonio, Texas 78224

_____
David R. Stephens