# EXHIBIT A



Records Search Home    Advanced Search    Bexar County

Home / Back to Search Results / Details

# Case #2017CI06713

History 7

**Name**

JAMES HAYCRAFT

| **Date Filed** | **Case Status** | **Litigant Type** | **Court** |
|---|---|---|---|
| 04/11/2017 | PENDING | PLAINTIFF | 131 |

**Docket Type**

DEBT/CONTRACT

**Business Name**

**Style**

JAMES HAYCRAFT ETAL

**Style (2)**

vs LIBERTY MUTUAL

# Case History    Go To Top

*Currently viewing 1 through 7 of 7 records*

| Sequence | Date Filed | Description |
|---|---|---|

| P00006 | 5/12/2017 | ORIGINAL ANSWER OF<br>LIBERTY INSURANCE CORPORATION AND<br>REQUEST FOR DISCLOSURE |
|---|---|---|
| P00005 | 5/10/2017 | FIRST AMENDED PETITION |
| P00004 | 5/4/2017 | ATTORNEY UNAVAILABILITY NOTICE FILED FOR<br>KELLY W KELLY |
| S00001 | 4/13/2017 | CITATION CERTIFIED MAIL<br>LIBERTY MUTUAL<br>ISSUED: 4/13/2017 RECEIVED: 4/13/2017<br>EXECUTED: 4/19/2017 RETURNED: 4/24/2017 |
| P00003 | 4/11/2017 | PET FOR HAIL DAMAGE COMMERCIAL<br>W/JD |
| P00002 | 4/11/2017 | JURY FEE PAID |
| P00001 | 4/11/2017 | SERVICE ASSIGNED TO CLERK 2 |



CERTIFIED MAIL #70151660000034484801  **Case Number: 2017-CI-06713**

2017CI06713  S00001

**JAMES HAYCRAFT ETAL**

*Plaintiff*

**vs.**

**LIBERTY MUTUAL**

*Defendant*

(Note: Attached document may contain additional litigants).

**CITATION**

IN THE DISTRICT COURT
131st JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**"THE STATE OF TEXAS"**

**DIRECTED TO:** LIBERTY MUTUAL

> BY SERVING ITS REGISTERED AGENT, CSC LAWYERS SERVICE COMPANY
> 211 E 7TH ST
> AUSTIN TX 78701-3218

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 11th day of April, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 13TH DAY OF APRIL A.D., 2017.

PETITION

KELLY WRIGHT KELLY
ATTORNEY FOR PLAINTIFF
2600 SW MILITARY 118
SAN ANTONIO, TX 78224



**Donna Kay McKinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Marc Garcia,* Deputy

---

Officer's Return

Came to hand on the 13th day of April 2017, A.D., at  9:17 o'clock A.M. and EXECUTED (NOT EXECUTED) by  CERTIFIED MAIL, on the _____ day of _____, A.D., 20___, by delivering to _____ a true copy of this Citation, upon which I endorse the date of delivery, together with the accompanying copy of the PETITION

Cause of failure to execute this Citation is _____.

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, Texas

By: *Marc Garcia,* Deputy

ORIGINAL (DK003)

FILED
4/11/2017 3:35:13 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Edgar Garcia

citcml-sac2 w/jd

## 2017CI06713

CAUSE NO. _____

| | | |
|---|---|---|
| JAMES HAYCRAFT | § | IN THE DISTRICT COURT |
| AND  LAURA HAYCRAFT | § | |
| | § | |
| VS | § | 131st  JUDICIAL DISTRICT |
| | § | |
| LIBERTY MUTUAL INSURANCE D/B/A | § | |
| LIBERTY MUTUAL | § | OF BEXAR COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES JAMES HAYCRAFT, and LAURA HAYCRAFT, hereinafter referred to as plaintiffs, and files this, their Plaintiffs' Original Petition complaining of LIBERTY MUTUAL.  As further proof thereof, plaintiffs would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN

Plaintiffs intend to conduct discovery under Level 2 of Rule 190.3 of the TEXAS RULES OF CIVIL PROCEDURE.

### PARTIES

Plaintiff James Haycraft is an individual residing in San Antonio, Texas.

Plaintiff Laura Haycraft is an individual residing in San Antonio, Texas.

Defendant LIBERTY MUTUAL is a Texas Corporation doing business in San Antonio, Bexar County, Texas.  Defendant may be served with process through its registered agent, CSC Lawyers Service Company at 211 E. 7th Street Austin, Texas 78701-3218 or wherever it may be found. Please issue citation.

### JURISDICTION

The Court has jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements. The Court has personal jurisdiction over Defendant as it is a corporation located at and doing business in Bexar County, Texas.

## VENUE

Venue is proper in Bexar County under TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002 and 15.093 because all or a substantial part of the events or acts and/or omissions occurred in Bexar County. Bexar County is also the county in which Defendant is located and does business. TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002(3).

## BACKGROUND

This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiffs' property which is located at 10515 Rocky M. Trl, Helots, Texas 78023. In addition to seeking economic and penalty based damages from Liberty Mutual, Plaintiffs' also seek compensation from LIBERTY MUTUAL for damages caused by improperly investigating the extensive losses associated with this case.

Plaintiffs' <u>own the property.</u>

Prior to the occurrence in question Plaintiffs' purchased a residential insurance policy from Liberty Mutual to cover the property at issue in this case for a loss due to storm related events. Plaintiffs' property suffered storm related damage. Through their residential policy, H37-298-566818-40, Plaintiff was objectively insured for the subject loss by Defendant.

On or about April 12, 2016, the property suffered incredible damage due to the storm related conditions.

In the aftermath Plaintiffs' relied on Liberty Mutual to help begin the rebuilding process. By and through it's residential policy, Plaintiffs' were objectively insured for the subject losses in this matter.

Pursuant to it's obligation as a policyholder, Plaintiff made complete payment of all residential insurance premiums in a timely fashion. Moreover, it's residential policy covered Plaintiff in accordance with it's promises under the Policy.

Moreover, Liberty Mutual has failed to make any reasonable attempts to settle Plaintiffs' claim in a fair manner, although its liability to the Plaintiffs' under the policy is without dispute.

In the months following, Plaintiff provided information to Liberty Mutual with additional reports as requested. Despite Liberty Mutual's improprieties, Plaintiffs' continued to provide information regarding the losses and the related claim to Liberty Mutual. Further, Plaintiff made inquiries regarding the status of the losses, and payments. Regardless, Liberty Mutual failed and refused to respond to the inquiries and properly adjust the claim and the losses.

As a result to this date Plaintiffs' have not received proper payment for it's claim even though notification was provided.

Liberty Mutual has failed to explain the reasons for failing to offer adequate compensation for the damage to the property.

As a result of the above issues, Plaintiff did not receive the coverage for which it had originally contracted with Liberty Mutual. Unfortunately, Plaintiffs' therefor have been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

In addition, Liberty Mutual has failed to place adequate and proper coverage for Plaintiff to suffer further damages. As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

All conditions precedent to recovery by Plaintiff has been met or occurred.

## AGENCY

All acts by Liberty Mutual were undertaken and completed by it's officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Liberty Mutual and/or were completed in its normal routine course and scope of employment with Liberty Mutual.

## CLAIMS AGAINST DEFENDANT

Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

## BREACH OF CONTRACT

Plaintiff hereby incorporates by reference all facts and circumstances set forth under the forgoing paragraphs.

According to the policy that Plaintiffs' purchased, Liberty Mutual had the absolute duty to investigate Plaintffs' damages and to pay Plaintiffs' policy benefits for the claims made due to the extensive storm-related damages.

As a result of the storm-related event, Plaintiffs' suffered extreme externa; and internat damages.

Despite objective evidence of such damages, Liberty Mutual has breached it's contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the

cost to properly repair Plaintiff's property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

## VIOLATIONS OF TEXAS INSURANCE CODE

Plaintiffs hereby incorporate by reference all facts and circumstances set forth within the forgoing paragraphs.

Liberty Mutual's actions constitute violations of the Texas Insurance Code, including but not limited to Article 21.21 Sections 410 (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 541.060), Article 21.21 Section 11 (e) codified as Section 541.061, and Article 21.55 Section 3(f) (codified as Section 542.058). Specifically Liberty Mutual engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

    a. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy , in relation to the facts or applicable law, for the insurer's denial of a claim;

    b. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim; and/or

    c. Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure ti make such disclosure in accordance with another provision of this code.

As a result of Liberty Mutual's unfair and deceptive actions and conduct, Plaintiffs' have been forced to retain the legal services of the undersigned attorneys' to protect and pursue these claims on their behalf. Accordingly, Plaintiffs' also seek to recover costs and reasonable necessary attorneys' fees as permitted under Section 17.50 (d) of the Texas Business & Commerce Code or Article 21.21 Section (b) (1) (codified as section 541.152

of the Texas Insurance Code and any other such damages to which Plaintiff may show itself justly entitled by law and equity.

## BREACH OF THE COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

Plaintiffs' hereby incorporates by reference all facts and circumstances in the forgoing paragraphs.

By its acts, omissions, failure and conduct, Liberty Mutual has breached its common law duty of good faith and fair dealing by denying Plaintiffs' claims or inadequately adjusting and making an offer on Plaintiffs' claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

Liberty Mutual has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claims and by failing to settle Plaintiffs' claims, as Liberty Mutual knew or should have known that it was reasonable clear that Plaintiffs' storm related claims were covered. These acts, omissions, failures, and conduct by Liberty Mutual is a proximate cause of Plaintiffs' damages.

## WAIVER AND ESTOPPEL

Plaintiffs' hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

Liberty Mutual has waived and estopped from asserting any defense conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

Liberty Mutual's acts have been the producing and proximate cause of damage to Plaintiffs', and Plaintiffs' seeks an amount in excess of the minimum jurisdictional limits of this court.

More specifically, Plaintiffs' seek monetary relief of less than $100,000.00 This damage range includes all actual and consequential damages suffered by Plaintiffs', along with attorney fees, recoverable cost of court with fees, and interest available under the above included causes of action in this matter.

## JURY DEMAND

Plaintiffs' demand a jury trial and tenders the appropriate fee with this Original Petition.

## DISCOVERY REQUESTS TO DEFENDANTS

### A.

### Requests for Disclosure

Plaintiffs herein propound the Requests for Disclosure contained in Texas Rule of Civil Procedure 194.2 to defendants the responses to be due within fifty days of service.

### B.

### Requests for Production

Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following equests for Production.

    a.    Please produce LIBERTY MUTUAL complete claim files from the home, local offices, and third party adjusters/adjusting firms regarding the claims that are the subject of this matter, including copies of the file jackets, "file" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiffs' underlying claim.

b.    Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all document in the file.

c.    Please produce certified copy of the insurance policy pertaining to the claims involved in this suit.

d.    Please produce the electronic diary including the electronic and paper notes made by LIBERTY MUTUAL claims, personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiffs' claims.

e.    Please produce all and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, which is the subject of this suit.

f.    Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiffs' underlying claim.

g.    Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

h    Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

i.    Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether LIBERTY MUTUAL intends to offer these items into evidence at trial.

## C.

### Requests for Interrogatories

Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Interrogatories.

a.    Please identify any person Liberty Mutual expects to call to testify at the time of trial.

b.    Please identify the persons involved in the investigation and handling of Plaintiffs' claims for insurance benefits arising from damage relating to the underlying event,

claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

c. If Liberty Mutual or Liberty Mutual's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Liberty Mutual or any of it's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step/

d. Please identify by date, author, and result the estimates, appraisals, engineering, mold, and other reports generated as a result of Liberty Mutual's investigation.

e. Please state the following concerning notice of claims, and timing of payment:

    i.    The date and manner in which Liberty Mutual received notice of the claim.

    ii.    The date and maner in which Liberty Mutual acknowledged receipt of the claim;

    iii.    The date and manner in which Liberty Mutual commenced investigation of the claim.

    iv.    The date and manner in which Liberty Mutual requested from the claimant all items, statements, and forms that Liberty Mutual reasonably believed at the time would require from the claimant; and

    v.    The date and manner in which Liberty Mutual notified the claimant in writing of the acceptance or rejection of the claim.

f. Please identify by date, amount, and reason, the insurance proceed payments made by Liberty Mutual, or on Liberty Mutual's behalf to the Plaintiffs'.

g.     Have Plaintiffs' claims for insurance benefits been rejected or denied in full or in part? If so state the reason for rejecting/denying the claim.

h.    When was the date Liberty Mutual anticipated litigation?

i.    Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiffs' claims for insurance benefits been destroyed or disposed of? If so, please identify what, when, and why the document was destroyed, and describe Liberty Mutual's document retention policy.

j.    Does Liberty Mutual contend that the insured premises were damaged by storm related events and/or any excluded peril? If so state the general factual basis for this contention.

k.    Does Liberty Mutual contend that any act or omission by the Plaintiffs' voided nullified, waived, or breached the insurance policy in any way? If so, state the general factual basis for this contention.

l.    Does Liberty Mutual contend that Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way? If so state the general factual basis for this contention.

m.   How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated? State the Following:

    i.    What performance measures are used ; and

    ii.   Describe Liberty Mutual's bonus or incentive plan for adjusters.

## CONCLUSION

Plaintiffs' pray that judgment be entered against Liberty Mutual, and that Plaintiffs' be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court cost, and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs' respectfully pray that the Defendant be cited to appear herein and that Plaintiffs receive all relief to which they are entitled, either at law or in equity.

Respectfully Submitted:

Kelly Kelly
TBN: 24041230
Paul Anderson
TBN: 01202000
Anderson & Associates
2600 SW Military Drive, Suite 118
San Antonio, Texas 78224
Tel: (210) 928-9999
Fax: (210) 928-9118
Kelly@KellyKellyLaw.Net
ATTORNEY FOR PLAINTIFF

FILED
5/10/2017 11:42:09 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Bianca Salinas

Case 5:17-cv-00452-XR   Document 1-2   Filed 05/19/17   Page 16 of 28

CAUSE NO. 2017CI0671

| | | |
|---|---|---|
| JAMES HAYCRAFT | § | IN THE DISTRICT COURT |
| AND LAURAHAYCRAFT | § | |
| | § | |
| VS | § | 131ST JUDICIAL DISTRICT |
| | § | |
| LIBERTY MUTUAL INSURANCE D/B/A | § | |
| LIBERTY MUTUAL | § | OF BEXAR COUNTY, TEXAS |

<u>PLAINTIFFS' FIRST AMENDED PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES JAMES HAYCRAFT, and LAURA HAYCRAFT, hereinafter referred to

as plaintiffs, and files this, their Plaintiffs' Original Petition complaining of LIBERTY

INSURANCE CORPORATION. As further proof thereof, plaintiffs would respectfully show unto the

Court the following:

<u>DISCOVERY CONTROL PLAN</u>

Plaintiffs intend to conduct discovery under Level 2 of Rule 190.3 of the TEXAS RULES OF

CIVIL PROCEDURE.

<u>PARTIES</u>

Plaintiff James Haycraft is an individual residing in San Antonio, Texas.

Plaintiff Laura Haycraft is an individual residing in San Antonio, Texas.

Defendant LIBERTY INSURANCE CORPORATION is   foreign insurer duly registered to

conduct business in Texas.    Defendant may be served with process through its registered agent,

CSC Lawyers Service Company at 211 E. 7th Street, Suite 620 Austin, Texas 78701-3218 or

wherever it may be found.

<u>JURISDICTION</u>

Page 1

The Court has jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements. The Court has personal jurisdiction over Defendant as it is a corporation located at and doing business in Bexar County, Texas.

VENUE

Venue is proper in Bexar County under TEXAS CIVIL PRACTICE & REMEDIES CODE § 15.002 and 15.093 because all or a substantial part of the events or acts and/or omissions occurred in Bexar County. Bexar County is also the county in which Defendant is located and does business. TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002(3).

BACKGROUND

This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiffs' property which is located at 10515 Rocky M. Trail, Helotes, Texas 78023.   Said property was insured against loss via a contract for insurance issued by defendant. Plaintiff has duly paid all premiums and completed all conditions precedent. In addition to seeking economic and penalty based damages from defendant, Plaintiffs' also seek compensation from defendant for damages caused by improperly investigating the extensive losses associated with this case.

Prior to the occurrence in question Plaintiffs' purchased a residential insurance policy from defendant to cover the property at issue in this case for a loss due to storm related events. Plaintiffs' property suffered storm related damage. Through their residential policy, H37-298-566818-40, Plaintiff was objectively insured for the subject loss by Defendant.

On or about April 12, 2016, the property suffered incredible damage due to the storm related conditions.

In the aftermath Plaintiffs' relied on defendant to help begin the rebuilding process. By and through their residential policy, Plaintiffs' were objectively insured for the subject losses in this matter.

Pursuant to theirobligation as a policyholder, Plaintiff made complete payment of all residential insurance premiums in a timely fashion. Moreover, the residential policy covered Plaintiff in accordance with it's promises under the Policy.

Moreover, defendant has failed to make any reasonable attempts to settle Plaintiffs' claim in a fair and equitable manner, although its liability to the Plaintiffs' under the policy is without dispute.

In the months following, Plaintiff provided information to defendant with additional reports as requested. Despite defendant's improprieties, Plaintiffs' continued to provide information regarding the losses and the related claim to defendant. Further, Plaintiff made inquiries regarding the status of the losses, and payments. Regardless, defendant failed and refused to respond to the inquiries and properly adjust the claim and the losses.

As a result to this date Plaintiffs' have not received full and proper proper payment for their claim even though notification and more than ample time for investigation have been given.

Defendant has failed to explain the reasons for failing to offer adequate compensation for the damage to the property.

As a result of the above issues, Plaintiff did not receive the coverage for which it had originally contracted with defendant. Unfortunately, Plaintiffs' therefor have been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

In addition, defendant has failed to place adequate and proper coverage for Plaintiff to suffer further damages. As indicated below. Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

<u>CONDITIONS PRECEDENT</u>

All conditions precedent to recovery by Plaintiff has been met or occurred.

<u>AGENCY</u>

All acts by defendant were undertaken and completed by it's officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of defendant and/or were completed in the normal routine course and scope of employment with defendant

<u>CLAIMS AGAINST DEFENDANT</u>

Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

<u>BREACH OF CONTRACT</u>

Plaintiff hereby incorporates by reference all facts and circumstances set forth under the forgoing paragraphs.

According to the policy that Plaintiffs' purchased, defendant had the absolute duty to investigate Plaintiffs' damages and to pay Plaintiffs' policy benefits for the claims made due to the extensive storm-related damages.

As a result of the storm-related event, Plaintiffs' suffered extreme and extensive damages. Despite objective evidence of such damages, defendant has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the

Page /4

cost to properly repair Plaintiff's property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

<u>VIOLATIONS OF TEXAS INSURANCE CODE</u>

Plaintiffs hereby incorporate by reference all facts and circumstances set forth within the forgoing paragraphs.

Defendant's actions constitute violations of the Texas Insurance Code, including but not limited to Article 21.21 Sections 410 (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 541.060), Article 21.21 Section 11 (e) codified as Section 541.061, and Article 21.55 Section 3(t) (codified as Section 542.058). Specifically Liberty Mutual engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

 a. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy , in relation to the facts or applicable law, for the insurer's denial of a claim;

 b. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim; andlor

 c. Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure ti make such disclosure in accordance with another provision of this code.

As a result of defendant's unfair and deceptive actions and conduct, Plaintiffs' have been forced to retain the legal services of the undersigned attorneys' to protect and pursue these claims on their behalf. Accordingly, Plaintiffs' also seek to recover costs and reasonable necessary attorneys' fees as permitted under Section 17.50 (d) of the Texas Business & Commerce Code or Article 21.21 Section (b) (1) (codified as section 541.152

of the Texas Insurance Code and any other such damages to which Plaintiff may show itself justly entitled by law and equity.

<u>BREACH OF THE COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING</u>

Plaintiffs' hereby incorporates by reference all facts and circumstances in the forgoing paragraphs.

By its acts, omissions, failure and conduct, defendant has breached its common law duty of good faith and fair dealing by denying Plaintiffs' claims or inadequately adjusting and making an offer on Plaintiffs' claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

Defendant has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claims and by failing to settle Plaintiffs' claims, as defendant knew or should have known that it was reasonable clear that Plaintiffs' storm related claims were covered. These acts, omissions, failures, and conduct by defendant are a proximate cause of Plaintiffs' damages.

<u>WAIVER AND ESTOPPEL</u>

Plaintiffs' hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

Defendant has waived and estopped from asserting any defense conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

Defendant's acts have been the producing and proximate cause of damage to Plaintiffs', and Plaintiffs' seeks an amount in excess of the minimum jurisdictional limits of this court.

More specifically, Plaintiffs' seek monetary relief of less than $100,000.00 This damage range includes all actual and consequential damages suffered by Plaintiffs', along with attorney fees, recoverable cost of court with fees, and interest available under the above included causes of action in this matter.

## *JURY* DEMAND

Plaintiffs demand a jury trial and tenders the appropriate fee with this Original Petition.

## DISCOVERY REQUESTS TO DEFENDANTS

### A.

Requests for Disclosure

Plaintiffs herein propound the Requests for Disclosure contained in Texas Rule of Civil Procedure 194.2 to defendants the responses to be due within fifty days of service.

### B.

Requests for Production

Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following equests for Production.

a.     Please produce defendant complete claim files from the home, local offices, and third party adjusters/adjusting firms regarding the claims that are the subject of this matter, including copies of the file jackets, "file" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiffs' underlying claim.

b.    Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all document in the file.

c.    Please produce certified copy of the insurance policy pertaining to the claims involved in this suit.

d.    Please produce the electronic diary including the electronic and paper notes assembled by defendant's claims, personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiffs' claims.

e.    Please produce all and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, which is the subject of this suit.

f.    Please produce the adjusting reports, estimates and appraisals prepared concerning **Plaintiffs' underlying** claim.

g.    Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

h    Please produce the emails, instant messages and internal correspondence pertaining to Plaintiffs underlying claim(s).

i. Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiffs home, regardless of whether defendant intends to offer these items into evidence at trial.

## C.

Requests for Interrogatories

Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Interrogatories.

a. Please identify any person defendant expects to call to testify at the time of trial.

b. Please identify the persons involved in the investigation and handling of Plaintiffs' claims for insurance benefits arising from damage relating to the underlying event,

Page | 8

claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

c. If defendant or defendant's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by defendant or any of its representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

d. Please identify by date, author, and result the estimates, appraisals, engineering, mold, and other reports generated as a result of defendant's investigation.

e. Please state the following concerning notice of claims, and timing of payment:

   i.   The date and manner in which defendant received notice of the claim.

   b.   The date and manner in which defendant acknowledged receipt of the claim;

   Hi.  The date and manner in which defendant commenced investigation of the claim.

   iv.  The date and manner in which defendant requested from the claimant all items, statements, and forms that defendant reasonably believed at the time would require from the claimant; and

   v.   The date and manner in which defendant notified the claimant in writing of the acceptance or rejection of the claim.

f.   Please identify by date, amount, and reason, the insurance proceed payments made by defendant, or on defendant's behalf to the Plaintiffs'.

g.  Have Plaintiffs' claims for insurance benefits been rejected or denied in full or
   in part? If so state the reason for rejecting/denying the claim.

h.  When was the date defendant anticipated litigation?

i.  Have any documents (including those maintained electronically) relating to the
   investigation or handling of Plaintiffs' claims for insurance benefits been destroyed or
   disposed of? If so, please identify what, when, and why the document was destroyed,
   and describe defendant's document retention policy.

j.  Does defendant contend that the insured premises were damaged by storm
   related events and/or any excluded peril? If so state the general factual basis for this
   contention.

k.  Does defendant contend that any act or omission by the Plaintiffs' voided
   nullified, waived, or breached the insurance policy in any way? If so, state the general
   factual basis for this contention.

I.  Does defendant contend that Plaintiff failed to satisfy any condition precedent or
   covenant of the policy in any way? If so state the general factual basis for this
   contention.

m. How is the performance of the adjuster(s) involved in handling Plaintiff's claims
   evaluated? State the Following:

      i.      What performance measures are used; and

      ii.     Describe defendant's bonus or incentive plan for adjusters.

<u>CONCLUSION</u>

Plaintiffs' pray that judgment be entered against defendant, and that Plaintiffs' be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court cost, and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

<u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiffs' respectfully pray that the Defendant be cited to appear herein and that Plaintiffs receive all relief to which they are entitled, either at law or in equity.

Respectfully Submitted:

Kelly Kelly
TBN: 24041230
Paul Anderson
TBN: 01202000
Anderson & Associates
2600 S W Military Drive, Suite 118
San Antonio, Texas 78224
Tel: (210) 928-9999
Fax: (210) 928-9118
Kelly@KellyKellyLaw.Net
 ATTORNEY FOR PLAINTIFF

FILED
5/12/2017 1:52:00 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Christopher Morrow

Case 5:17-cv-00452-XR   Document 1-2   Filed 05/19/17   Page 27 of 28

## CAUSE NO. 2017CI06713

| | | |
|---|---|---|
| JAMES HAYCRAFT | § | IN THE DISTRICT COURT |
| AND LAURA HAYCRAFT | § | |
| | § | |
| v. | § | 131st JUDICIAL DISTRICT |
| | § | |
| LIBERTY MUTUAL INSURANCE D/B/A | § | |
| LIBERTY MUTUAL | § | BEXAR COUNTY, TEXAS |

### DEFENDANT LIBERTY INSURANCE CORPORATION'S
### ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

NOW COMES Defendant Liberty Insurance Corporation and files its Original Answer, and would respectfully show as follows:

### I.

Defendant generally denies each and every allegation contained in Plaintiffs' First Amended Petition pursuant to Texas Rule of Civil Procedure 92, and demands strict proof thereof by a preponderance of the credible evidence.

### II.

Defendant reserves the right to invoke the policy's appraisal provision to resolve issues regarding the amount of loss.

### III.

Pursuant to Texas Rules of Civil Procedure, Plaintiffs are requested to disclose and serve, within thirty (30) days of service of the Request, the information or material described in Rule 194.2(a) - (l).

### IV.

WHEREFORE, PREMISES CONSIDERED, Defendant Liberty Insurance Corporation respectfully prays for a judgment that Plaintiffs take nothing, that Defendant recover all its costs,

and that Defendant be granted all other relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By: _____
David R. Stephens
State Bar No. 19146100
Christiana Dijkman
State Bar No. 00783967
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
dstephens@lstlaw.com
cdijkman@lstlaw.com

*Counsel for Defendant Liberty Insurance Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Liberty Insurance Corporation's Original Answer and Request for Disclosure was served by facsimile and/or electronic service on the 12th day of May, 2017, upon the following counsel of record:

Kelly Kelly
Paul Anderson
ANDERSON & ASSOCIATES
2600 S.W. Military Drive, Suite 118
San Antonio, Texas 78224

_____
Christiana Dijkman

2